Rose, C. J.,
concurring:
I concur in the result reached by the majority opinion. Admittedly, Blankenship was employed at-will. This court has consistently applied the doctrine that an at-will employee can be dismissed for cause or for no cause at all, unless the dismissal violates public policy. Vancheri v. GNLV Corp., 105 Nev. 417, 777 P.2d 366 (1989); Smith v. Cladianos, 104 Nev. 67, 752 P.2d 333 (1988); K Mart Corp. v. Ponsock, 103 Nev. 39, 732 P.2d *1168 1364 (1987). This case is perilously close to violating public policy. The substance abuse agreement that Blankenship refused to execute did not effectuate a valid waiver of any Fifth Amendment right against self-incrimination. However, that agreement was ambiguous, and could conceivably have been confused as a waiver of the right against self-incrimination.
In my view, if an employer is going to make drug testing a part of the employment contract, it should be so stated clearly and unambiguously. Reference to the waiver of any constitutional right should be avoided. If the employer insists on including such a waiver, the employer should bear the burden of unambiguously explaining the nature and extent of the waiver and how it will impact the employee. If the employer does not do this, it should bear the consequences of any ambiguity or confusion.
A United States citizen jealously guards the individual rights guaranteed him by the United States Constitution. Asking a United States citizen to waive such a constitutional right should be done only when essential, and this is usually not the case in an employment contract. An employer should ask an employee for such a waiver with trepidation. While I concur with the majority’s decision in this case, I hope employers will avoid clauses requiring an employee to waive his or her constitutional rights in employment contracts.